FILED
OCT 28 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 05-31006-C-7
                                   )
LAURA M. DISHMAN,                  ) DC No. RTD-1
                                   )
          Debtor.                  )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO VACATE STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed her voluntary chapter 7 petition on September 6, 2005. The chapter 7 trustee filed a report finding that there was no property available for distribution from the

estate over and above that exempted by debtor.

Debtor scheduled a 2000 Dodge Dakota ("the vehicle") as property of the estate. The vehicle was not scheduled as exempt. On October 4, 2005, The Golden Credit Union ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $7,900. Movant holds a lien on the vehicle in the approximate amount of $15,402.67. The court is not aware of any other liens against the vehicle.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtors fail to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because there is no equity in the vehicle, the motion will be granted as to the debtor. Likewise, the motion will be

granted as to the trustee since he filed a no asset report and did not file an opposition.

An appropriate order will issue.

Dated: October 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE